## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SEAN PAUL KENNY<br>907 Homestead Lane, Apt. C<br>Ambler, PA 19002 | : | |
| | : | |
| | : | |
| | : | |
| Plaintiff | : | |
| vs. | : | |
| | : | |
| PRISONER TRANSPORT SERVICES, LLC | : | |
| 517 Hickory Hills Blvd. | : | JURY TRIAL DEMANDED |
| Whites Creek, Tennessee 37189 | : | |
| and | : | |
| PTS OF AMERICA, LLC | : | |
| 517 Hickory Hills Blvd. | : | |
| Whites Creek, Tennessee 37189 | : | |
| and | : | |
| EXTRADITION AGENT BUTTON | : | |
| C/O PTS OF AMERICA, LLC | : | |
| 517 Hickory Hills Blvd. | : | |
| Whites Creek, Tennessee 37189 | : | |
| | : | |
| Defendants | : | NO: _____ |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## COMPLAINT

NOW COMES the Plaintiff, Sean Paul Kenny, by and through counsel, Abrahamsen, Conaboy and Abrahamsen, P.C., and hereby complains of the above referenced Defendants as follows:

## PARTIES

1.    The Plaintiff, Sean Paul Kenny, is an adult and competent individual who currently resides at the 907 Homestead Lane, Ambler, Pennsylvania.

2.     The Defendant, Prisoner Transport Services, LLC ("PTSL") upon information and belief, is a Tennessee corporation with a principal place of business located at 517 Hickory Blvd., Whites Creek, Tennessee.  Defendant, PTSL, is considered a resident of the State of Tennessee for diversity purposes.

3.     The Defendant, PTS of America, LLC ("PTS"), upon information and believe, is a Tennessee corporation with a principal place of business located at 517 Hickory Blvd., Whites Creek, Tennessee.  Defendant, PTS, is considered a resident of the State of Tennessee for diversity purposes.

4.     The Defendant, Extradition Agent Button, upon information and belief, is an adult and competent individual employed by the Defendants, PTSL and PTS at all times material and relevant hereto and therefore may be served care of PTS of America, LLC, 517 Hickory Blvd., Whites Creek, Tennessee.  Defendant, Button is considered a resident of the State of Tennessee for diversity purposes.

5.     At all times material and relevant hereto, PTSL, through its affiliates, provides a specialized type of for-hire interstate passenger carriage service through which it transports incarcerated prisoners.

4.     PTSL provides its services of transporting incarcerated prisoners through various entities, including PTS.

5.     At all times material and relevant hereto, Extradition Agent Button was an employee of PTSL and/or PTS.

## JURISDICTION AND VENUE

6.　The jurisdiction of the court on Plaintiff's constitutional and federal law claims is founded upon 28 U.S.C. §1331 and 28 U.S.C. §1343(A)(3).　The jurisdiction of this court is also invoked for diversity of citizenship between the parties in the matter in controversy exceeds $75,000.00 pursuant to 28 U.S.C. §1332(1).　This court may also exercise jurisdiction of Plaintiff's state law claims pursuant to 28 U.S.C. §1367(a).

7.　The Defendants, PTSL and PTS, regularly conduct business within the Commonwealth of Pennsylvania and specifically within the Middle District of Pennsylvania and have previously been subject to the jurisdiction of this Honorable Court.　As a result, venue is property in this district pursuant to 28 U.S.C. §1391.

## FACTS

8.　On March 25, 2017, Plaintiff was housed in the Maricopa County Jail in Phoenix, Arizona awaiting transport to Monroe County, Florida.

9.　On March 26, 2017 at approximately 4:00 a.m., a PTS van, number 1401, arrived to transport the Plaintiff.

10.　At approximately 10:00 a.m. on March 26, 2017, the Plaintiff was escorted to the PTS van by Defendant Button, who was acting in the course and scope of his employment with PTSL and PTS at that time and at all times material and relevant hereto.

11.    As Extradition Agent Button escorted the Plaintiff to the van, he told the Plaintiff that he will not be able to ask questions, talk back, ask to use the bathroom, ask for food or ask where the van is going at any time during transport.

12.    Plaintiff was secured with handcuffs, shackles and a belly chain and was placed into the rear of a transport van.

13.    Plaintiff was placed into the back of the Defendant's vehicle, where other passengers were already located, specifically William Yarberry, Oryan Jackson and Abbas Salem.  Yarberry and Jackson were seated on a bench and Salem was seated on the ground.

14.    The van into which the Plaintiff was placed was dirty, covered in trash and smelled of body odor.

15.    Plaintiff was informed by Yarberry, Jackson and Salem that they had been on the van for 80 plus hours and had only eaten one peanut butter sandwich for a meal.  Plaintiff was advised that another passenger on the van, a female named Porcha, had been forced to urinate on herself because the extradition agent refused to stop for restroom breaks.

16.    After leaving the facility in Maricopa County, Arizona, the van traveled to another jail in Arizona to allow for the pick up of another passenger, Gordon Wheeler.

17.    At the facility where Wheeler was picked up, Plaintiff spoke to a female

corrections officer about the condition of the van in which he was forced to ride.

18.     Extradition Agent Button overheard the conversation between the Plaintiff and a female corrections officer and, as a result, pulled him aside, told him that he was "an issue" and, as a result, uncuffed Plaintiff's hands from in front of his body, placed his hands behind his back and cuffed both wrists very tightly and in an awkward fashion.  Plaintiff was then placed into a segregation cage on the van for at least six hours until he was forced to apologize to Extradition Agent Button.

19.     As Plaintiff's transport continued, the van stopped in New Mexico to pick up another male passenger.  At that time, there were nine male passengers and one female passenger on the van.

20.     Upon picking up the male passenger in New Mexico, Plaintiff questioned  Extradition Agent Button as to the cramped conditions on the transport van.  In response, Extradition Agent Button pulled the Plaintiff from the van, slammed him shoulder first into a brick wall, uncuffed his hands from the front of his body and again cuffed his hands in the back of his body.  Passenger Yarberry spoke up on behalf of the Plaintiff and, as a result, was tasered by Extradition Agent Button four times.

21.     Plaintiff was again placed into segregation with his hands cuffed behind his back.

22.     Plaintiff's transport on the van eventually ended at the Shawnee County

Department of Corrections in Topeka, Kansas on March 29, 2017.

23.     Between the time of pick-up on March 27, 2017 and the time of drop-off on March 29, 2017, in addition to the indignities described above, Plaintiff was threatened, verbally abused, harassed, denied food, denied restroom breaks, and denied medical attention.

24.     In addition, Plaintiff witnessed other passengers suffering from abuse and being denied food, restroom breaks, medication, medical attention and other torturous and inhumane acts.

25.     Between March 27, 2017 and March 29, 2017, Plaintiff, and other passengers, were caused to travel in unsanitary and inhumane conditions where they were required to urinate in plastic bottles due to the denial of restroom breaks.

26.     At the Shawnee County Department of Corrections, Plaintiff underwent a medical examination wherein it was reported that he suffered a shoulder injury from transport because he was thrown into a wall.

27.     Plaintiff was housed in the Shawnee County Correctional Facility in Topeka, Kansas for approximately twenty-four hours during which time he provided statements regarding his transport between March 27, 2017 in various forms including written and videotaped.

28.     Plaintiff was eventually transported in a second passenger van owned by the Defendants because officials at the Shawnee County Department of Corrections

would not permit the Plaintiff to leave on the van that transported him to their facility. Plaintiff was eventually transported by a third vehicle owned by another subsidiary of the Defendant, U.S. Transportation, to Key West, Florida.

29.     At all times during transport, with the exception of the times when his hands were cuffed behind his back as punishment, Plaintiff was secured with handcuffs placed in front of his body, attached to a belly chain and shackles around his ankles, which were also attached to a belly chain.

30.     As a result of the actions of the Defendants, the Plaintiff has incurred medical expenses, transportation costs and lost wages and has been caused to suffer physical pain and anguish, post-traumatic stress disorder, past and future pain and suffering, disability, the loss of the ability to live a normal life, humiliation and embarrassment, and other injuries, some or all of which may be permanent in nature.

## COUNT I

## CIVIL RIGHTS VIOLATION - 42 U.S.C. §1983

31.     Plaintiffs incorporate herein by reference the averments contained in paragraphs one (1) through thirty (30) as if fully set forth at length herein.

32.     At all material and relevant hereto, the Defendants, PTSL and PTS were acting through its agents and employees, including but not limited to Officer Button, and acting under color of law.

33.     At all material and relevant hereto, Extradition Agent Button, was acting

on behalf of PTSL and PTS and was acting under color of state law.

34.     Prisoners are at the mercy of their keepers for medical care and for the provision of food and restroom opportunities. Inmates cannot call doctors or ambulances, order food, or arrange for restroom breaks, must have their caretakers recognize the need for same and rely upon their caretakers to provide the same.

35.     The Defendants imposed human indignities and unsubstantiated force against the Plaintiff in violation of the Eighth and/or Fourteenth Amendment(s) to the United States Constitution.

36.     The Defendants were subjectively aware of Plaintiff's need for medical attention, food and restroom opportunities and by their acts or omissions were deliberately indifferent to his medical needs and were in violation of the Eighth and/or Fourteenth Amendment(s) to the United States Constitution.

37.     The violations of the Plaintiff's rights under the Eighth and/or Fourteenth Amendment(s) to the United States Constitution, were the result of established customs and policies of the Defendants PTSL and PTS and carried out by Extradition Agent Button, and others.

38.     During the execution of the policy and/or customs of PTSL and PTS, Plaintiff suffered the indignity and damages described above.

39.     As a direct and proximate result of the deliberate indifference of the Defendants as described above, the Plaintiff, Sean Paul Kenny, has suffered physical

pain and anguish, post-traumatic stress disorder, past and future pain and suffering, disability, the loss of the ability to live a normal life, humiliation and embarrassment, and other injuries, some or all of which may be permanent in nature.

WHEREFORE, Plaintiff demands judgment against the Defendants in an amount in excess of $75,000.00 together with interests, costs of suit and punitive damages.

## COUNT II

## NEGLIGENCE

40.    Plaintiffs incorporate herein by reference the averments contained in paragraphs one (1) through forty (40) as if fully set forth at length herein.

41.    At all material and relevant hereto, Plaintiff was in the care, control and custody of the Defendants who owed a duty to the Plaintiff and other prisoners to exercise reasonable and ordinary care in providing safety and comfort to prisoners and so as to not cause injury or harm to prisoners and to arrange for treating a prisoner's needs should they arise during transport.

42.    Defendants breached the duty owed to the Plaintiff and other prisoners in one or more of the following ways:

       a.   Negligently and carelessly confining the Plaintiff for hours at a time with an inability to move;

       b.   Negligently and carelessly failing to allow Plaintiff to use the restroom or stretch for hours at a time;

       c.   Negligently and carelessly failing to allow the Plaintiff adequate

       time to be housed overnight subjecting him to days of closed confinement in a van without the opportunity to sleep or stretch;

d.    Negligently and carelessly refusing to provide food to the Plaintiff;

e.    Negligently and carelessly refusing to provide medical attention to the Plaintiff, who had been injured prior to his incarceration in Maricopa County Arizona;

f.    Negligently and carelessly subjecting the Plaintiff to cruel and unusual punishment during transport;

g.    Negligently and carelessly abusing the Plaintiff;

h.    Negligently and carelessly threatening the Plaintiff;

i.    Negligently and carelessly abusing other prisoners in view of the Plaintiff; and

j.    Negligently and carelessly threatening other prisoners in view of the Plaintiff.

43.    Defendants' actions and omissions were the direct and proximate cause of the Plaintiff's injuries.

44.    Defendants' conduct, as described above, was extreme and outrageous.

45.    Defendants made conscious decisions to either act or fail to act causing the Plaintiff to suffer physical pain and anguish, post-traumatic stress disorder, past and future pain and suffering, disability, the loss of the ability to live a normal life, humiliation and embarrassment, and other injuries, some or all of which may be permanent in nature. Defendants' outrageous conduct warrants an award of punitive damages.

WHEREFORE, Plaintiff demands judgment against the Defendants in an amount in excess of $75,000.00 together with interests, costs of suit and punitive

damages.

## COUNT III

### ASSAULT AND BATTERY

46.    Plaintiff incorporates herein by reference the averments contained in paragraphs one (1) through forty-five (45) as if fully set forth at length herein.

47.    The assault and battery committed by the Defendants upon the Plaintiff as described above was unprovoked and in no manner due to any action or failure to act on the part of the Plaintiff.

48.    As a result of the assault and battery described above, Plaintiff suffered serious personal and permanent injuries about his body.

49.    As a result of the assault and battery described above, Plaintiff has suffered and undergone great physical pain and was hindered and prevented from performing transactions in his personal affairs.

50.    As a result of the assault and battery described above, the Plaintiff has suffered physical pain and anguish, post-traumatic stress disorder, past and future pain and suffering, disability, the loss of the ability to live a normal life, humiliation and embarrassment, and other injuries, some or all of which may be permanent in nature.

51.    The actions of the Defendants as described above, were so outrageous

so as to be intolerable in a civil society, thereby justifying an award of punitive damages.

WHEREFORE, Plaintiff demands judgment against the Defendants in an amount in excess of $75,000.00 together with interests, costs of suit and punitive damages.

## COUNT IV

## INTENTIONAL INFLICTION OF EMOTIONAL STRESS

52.    Plaintiff incorporates herein by reference the averments contained in paragraphs one (1) through fifty-one (51) as if fully set forth at length herein.

53.    The Defendants, knew or should have known that the acts or omissions described above and their lack of concern and demeaning conduct toward and comments to Plaintiff would shock and outrage a person of ordinary sensibilities.

54.    Defendants had a duty to refrain from inflicting such cruel and unusual punishment as described herein upon the Plaintiff.

55.    Defendants breached the duty owed to the Plaintiff through a series of actions and inactions designed to break his spirit and will during transport.

56.    Plaintiff's injuries were a foreseeable result of the conduct of  the Defendants in that the Plaintiff expressed his fears and concerns during transport.

57.    As a direct and proximate result of the intentional act or omissions of the Defendants, Plaintiff suffered physical pain and anguish, post-traumatic stress

disorder, past and future pain and suffering, disability, the loss of the ability to live a normal life, humiliation and embarrassment, and other injuries, some or all of which may be permanent in nature.

WHEREFORE, Plaintiff demands judgment against the Defendants in an amount in excess of $75,000.00 together with interests, costs of suit and punitive damages.

Respectfully Submitted,

Abrahamsen, Conaboy & Abrahamsen, P.C.

By:   /s/ James J. Conaboy
James J. Conaboy, Esquire
Attorney ID No.: 77987

1006 Pittston Avenue
Scranton, PA 18505
(570) 348-0200
jconaboy@law-aca.com